## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF COLORADO

MICHAEL WALLACE DISNEY )
SSN: XXX-XX-3789 ) Case No. 06-16712-SBB
)
Debtor. ) Chapter 13

### Second Amended Chapter 13 Plan Including Valuation of Collateral and Classification of Claims

### August 24, 2007

### I. RELEVANT INFORMATION

A. Prior bankruptcies pending within one year of the petition date for this case.

| Case No. & Chapter | Discharge or Dismissal/Conversion | Date |
|---|---|---|
| n/a | | |

B. The debtor(s) _X_ is eligible for a discharge
_____is not eligible for a discharge and is not seeking a discharge.

C. Prior states of domicile within 730 days ___Colorado___ 910 days ___Colorado___

The debtor is claiming exemptions available in the state of Colorado or federal exemptions _n/a_ .

D. The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. 101(14A). Notice will/should be provided to these parties in interest: n/a

i. parent_____
ii. government_____
iii. assignee or other_____
The debtor _____ has provided the Trustee with the phone number of the DSO recipient or
_____ cannot provide the phone number because it is not available

E. The current monthly income of the debtor, as reported on Interim Form B22C is _x_ below ___equal to or ___ above the applicable median income.

### II. PLAN ANALYSIS

#### A. TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES
1. Total Priority Claims (Class One)
   a. Unpaid attorney's fees................................................................$ 5,367
   Total attorney's fees are estimated to be $8,000 of which $2,000[1] has been prepaid.
   b. Unpaid attorney's costs (estimated) ..................................................$250

---

[1] The Debtor disclosed that he paid $3,726 to the law firm of Kutner Miller, P.C. Of this amount, $1,726 was for non-bankruptcy litigation legal fees and costs. The Court previously approved $5,000 in attorneys fees to Debtor's counsel.

     c. Total Taxes...........................................................................................................$0
        Federal: $0;  State: $0
     d. Other $ n/a
  2. Total of payments to cure defaults (Class Two)...................................................$0
  3. Total payment on secured claims (Class Three).........................................$12,000
  4. Total of payments on unsecured claims (Class Four) ...................................$7,383
  5. Sub-total.........................................................................................................$25,000
  6. Total trustee's compensation (10% of debtor's payments) ..........................$2,500
  7. Total debt and administrative expenses.......................................................$27,500

## B. RECONCILIATION WITH CHAPTER 7

***THE PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES WHICH MAY APPEAR IN CLASS THREE IN THE PLAN.***

  1.  Assets available to Class Four unsecured creditors if Chapter 7 filed
      a. Value of debtor's interest in non-exempt property ...........................................$7,160

| Property | FMV | Less costs of sale | Less Liens | X Debtor's Interest | Less Exemptions | = Net Value |
|---|---|---|---|---|---|---|
| 4924 Valhalla Drive | $660,000 | $47,250 | $758,806 | 100% | $45,000 | $0 |
| Cash | $102 | | | 100% | | $102 |
| Bank balances | $258 | | | 100% | | $258 |
| 2002 Ford F350 | $10,800 | $500 | $0 | 100% | $10,000 | $300 |
| 2000 Harley Davidson FLSTS | $10,000 | $500 | $0 | 100% | $3,000 | $6,500 |
| 2006 Jeep Commander | To be surrendered | | | | | |
| 2005 5th Wheel Trailer | $15,000 | $1,000 | $27,294 | 100% | | $0 |
| 2005 BMW GS1200 motorcycle | $12,000 | $500 | $15,278 | 100% | | $0 |
| Total | | | | | | $7,160 |

      b. Plus: value of property recoverable under avoiding powers ...............................$1,020
      c. Less: estimated Chapter 7 administrative expenses............................................$1,466
      d. Less: amounts payable to priority creditors other than
         costs of administration ..................................................................................... $50
      e. Equals: estimated amount payable to Class Four
         creditors if Chapter 7 filed (if negative, enter zero) ...........................................$6,664
  2. Estimated payment to Class Four unsecured creditors under the Chapter 13 Plan ..............$7,383
     plus any funds recovered from "other property" described in Section II.A.3 below.

## III.  PROPERTIES AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

    **A.**  The debtor submits to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the Plan, including:

      1.  Future earnings of $19 per month which shall be paid to the trustee for a period of approximately 12 months, beginning October 26, 2006.

2. Future earnings of $362 per month which shall be paid to the trustee for a period of approximately 48 months, beginning October 26, 2007.
3. Proceeds from the sale of the 2000 Harley Davidson in an amount not less than $10,000 on or before October 26, 2008.

| Amount | Number of Months | Total |
|---|---|---|
| $19 | 12 | $228 |
| $193 | 13-60 | $17,376 |
| One time payment and date | On or before October 26, 2008 | $10,000 |
| TOTAL MONTHS/ PAYMENTS | 36 | $27,500 |

2. Amounts for the payment of Class Five post-petition claims included in above  $  n/a  .
3. Other property (specify):  n/a  .

At the time the final plan payment is submitted to the Trustee, the debtor shall file with the court the certification regarding domestic support obligations required by 11 U.S.C. 1328(a) and, if not already filed,  Interim Form B23 regarding completion of financial management instruction required by 11 U.S.C. 1328(g)(1).

**B.**  Debtor agrees to make payments under the Plan as follows:

___VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:                    _X_  DIRECT PAYMENT:  From Debtor to Trustee
(Employer=s Name, address, telephone number)

Paid in the following manner:

$  n/a  to be deducted per pay period (weekly, monthly, per pay period, etc.)

## IV.  CLASSIFICATION AND TREATMENT OF CLAIMS

CREDITOR RIGHTS MAY BE AFFECTED.  A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THIS PLAN.   THE FAILURE TO OBJECT TO THE PLAN CONSTITUTES AN ACCEPTANCE OF ITS TERMS, WHICH TERMS WILL BE BINDING WHEN THE PLAN IS CONFIRMED BY THE COURT.  CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE AMOUNTS SET FORTH HEREIN.

**A.  Class One -- Claims entitled to priority under Section 507, Title 11, United States Code.**
Unless other provision is made in paragraph V.(C), each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that the payments to the Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:

1. Allowed administrative expenses
   (a)  Trustee's compensation (10% of amounts paid by debtor under this Plan) ....................$2,750
   (b)  Attorney's Fees (estimated and subject to allowance) .................................................$5,367
   (c)  Attorney's Costs (estimated and subject to allowance)...................................................$250

2. Other priority claims to be paid in the order of distribution provided by 11 U.S.C. Section 507

   a. Domestic support obligations: **A proof of claim must be timely filed in order for the trustee to distribute amounts provided by the plan.   If no objection is filed and this plan is confirmed, the automatic stay will apply to pre-petition defaults including interception of tax refunds.**

3

Priority support arrearage:  Debtor owes past due support to _____ n/a _____ in the total amount of $_____ that will be paid as follows:

[   ]     Distributed by the Trustee pursuant to the terms of the Plan; or
[   ]     Debtor is making monthly payments via a wage order [   ] or directly [   ] (reflected on Schedule I or J) in the amount of $____ to _____.  Of that monthly amount, $ _____ is for current support payments and $ _____ is to pay the arrearage.
[   ]     Other:  For the duration of the plan, during the anniversary month of confirmation,  the Debtor will  file with the court and submit to the trustee an update of the required information regarding domestic support obligations and the status of required payments.

b. Federal Taxes ........................................................................................................ $0
c. State Taxes............................................................................................................ $0
d. Other Taxes (describe) _____......................... $0
e. Other Class One Claims (if any) ........................................................................... $0
[   ]   None

## B. Class Two -- Defaults

**1.** **Class Two A (if none, indicate) -- Claims set forth below are secured _only by an interest in real property that is the debtor's principal residence_**.  Defaults shall be cured and regular payments shall be made _from the estate on a periodic basis_.

[ X ]     None

| Creditor | Total Default Amount to be Cured[2] | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per ___ (i.e. month, week, etc.) to be Made Directly to Creditor and Date of First Payment |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |

**2.** **Class Two B (if none, indicate) Pursuant to 11 U.S.C. Section 1322(b)(5), secured (_other than claims secured only by an interest in real property that is the debtor's principal residence_) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due**.  Defaults shall be cured and regular payments shall be made:

[   ]     None

| Creditor | Collateral | Total Default Amount to be Cured[1] | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per ___ (i.e. month, week, etc.) to be Made Directly to Creditor and Date of First Payment |
|---|---|---|---|---|---|---|
| n/a | | | | | | |

---

[2]  The lesser of this amount or the amount specified in the Proof of Claim.

4

3. **Class Two C Executory contracts and unexpired leases.** Executory contracts and unexpired leases are rejected, except the following which are assumed:

| Other Party to Lease or Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | No. of Months to Cure | Regular Monthly Payment Made Directly to Creditor and Date of First Payment |
|---|---|---|---|---|
| n/a | | | | |

*In the event that debtor rejects the lease or contract, creditor shall file a proof of claim or amended proof of claim reflecting the rejection of the lease or contract within 30 days of the entry of the order confirming this plan, failing which the claim may be barred.*

C. **Class Three -- All other allowed secured claims (*other than those designated in Classes 2A and 2B above*) shall be divided into separate classes to which 11 U.S.C. 506 shall or shall not apply as follows:**

1. **Secured claims subject to 11 U.S.C. Section 506**

The following creditors shall retain the liens securing their claims until discharge under section 1328 or payment in full under nonbankruptcy law, and they shall be paid the amount specified which represents the lesser of:
  (A)    the value of their collateral or
  (B)    the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | Specify Treatment (select A or B above) | Description of Collateral | Replacement Value of Collateral | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|---|---|
| Electrical Federal CU | A | 2005 BMW motorcycle | $12,000 | $15,278 | None | $12,000 |
| | | | | | | |

*If debtor is proposing to modify the rights of a secured creditor, debtor must specifically serve such creditor in the manner specified in Fed.R.Bankr.P. 9014 and 7004.*

2. **Secured claims to which 11 U.S.C. Section 506 shall not apply**
The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | Description of Collateral | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|
| n/a | | | | |

3.    The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:

| Creditor | Property | Anticipated Date of Surrender |
|---|---|---|
| Chrysler Financial | 2006 Jeep Commander | November 2006 |
| Countrywide Home Loans/Bank of New York as Trustee | Real property at 4924 Valhalla Drive, Boulder, CO 80301-4346 | September 1, 2007 |
| Kim Fields | Real property at 4924 Valhalla Drive, Boulder, CO 80301-4346 | September 1, 2007 |
| Electrical Federal Credit Union | Real property at 4924 Valhalla Drive, Boulder, CO 80301-4346 | September 1, 2007 |

Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan.  With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor shall file a proof of claim or an amended proof of claim to take into account the surrender of the property.  Countrywide Home Loans and Kim Fields have previously received relief from stay to foreclose on the real property listed above.  Any claim of Kim Fields or Electrical Federal Credit Union related to the real property referenced above are treated as Class four claims under the Plan and there shall only be a distribution on such claims as unsecured creditors, as their liens have been extinguished by the Countrywide foreclosure proceedings.

4. **Adequate Protection**: The following creditor(s) shall receive payments in the nature of adequate protection pursuant to P. L. B. R. as follows:

| Creditor | Collateral | Adequate Protection Payment Paid Through the Trustee | Adequate Protection Payment Paid By the Debtor(s) | Total Payable Monthly in Equal Periodic Payments |
|---|---|---|---|---|
| n/a | | | | |

[ X ]    None

**D.  Class Four -- Allowed unsecured claims not otherwise referred to in the Plan.**  Class Four Claims are provided for in an amount not less than the greater of:

a.  the amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. 1325(a)(4) as set forth in Part II or

b. total disposable income for the applicable commitment period defined by 11 U.S.C. 1325(b)(1)-(4).

The monthly disposable income of $0 has been calculated on Form B22C (Chapter 13).  Total disposable income is $0 which is the product of monthly disposable income of times the applicable commitment period of 60 months.

1.    [ X ] Class Four claims are of one class and shall be paid pro rata the sum of $7,383 and shall be paid all funds remaining after payment by the Trustee of all prior classes; or a timely filed claim, found by the court to be non-dischargeable pursuant to 11 U.S.C. 523(a)(2), (4), or (6), will share in the distribution to class four.  Collection of the balance is stayed, unless ordered otherwise.

2.        [  ] Class Four claims are divided into more than one class as follows: n/a

**E.  <u>Class Five -- Post-petition claims allowed under Section 1305, Title 11, United States Code.</u>**
Post-petition claims allowed under Section 1305 shall be paid as follows:
<u>  n/a  </u>

<u>                                                          </u>.

[  ]        None

## V.  <u>OTHER PROVISIONS</u>

**A.**  Payment will be made directly to the creditor by the Debtor(s) on the following claims:

| Creditor | Collateral, if any | Monthly Payment Amount | No. of Months to Payoff |
|---|---|---|---|
| N/A |  |  |  |

**B.**  The effective date of this Plan shall be the date of entry of the Order Modifying the Confirmed Plan.

**C.  ORDER OF DISTRIBUTION:**

1.        [ X ]  The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date.  After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in classes Three, Four, and Five (strike any portion of this sentence which is not applicable).  The amounts to be paid to the Class Three creditors shall be paid in full before distributions to creditors in classes Four and Five.  Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed.R.Bankr.P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Section III.

2.        [  ]  Distributions to classes of creditors shall be in accordance in the order set forth above, except:
<u>          n/a                                                                                          </u>

**D.  MOTIONS TO VOID LIENS UNDER 11 U.S.C. Section 522(f).**  In accordance with Fed.R.Bankr.P. 4003(d), the Debtor intends to file or has filed, *by separate motion served in accordance with Fed.R.Bankr.P. 7004*, a motion to void lien pursuant to 11 U.S.C. ' 522(f) as to the secured creditors listed below:

| Creditor | Collateral | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
| n/a |  |  |  |

**E.  STUDENT LOANS:**
         ■ No student loans
         □ Student loans are to be treated as follows:  <u>Student loans shall be paid outside the Plan directly to relevant creditors.</u>

**F. RESTITUTION**
  ○ No restitution owed
  ◌ Debtor owes restitution in the total amount of $_____which is paid directly to _____ in the amount of $_____per month for a period of _____ months.
  ◌ Debtor owes restitution to be paid as follows:

**G. OTHER** (List **all** additional provisions here).  Since there is no equity in the Debtor's residence, which is being surrendered and which was the subject of a foreclosure sale commenced post-petition, the Debtor's residence is listed as surrendered.  All creditors receiving notice of this Plan shall be bound by its terms.

## VI. REVESTMENT OF PROPERTY IN DEBTOR
All Property of the estate shall vest in the debtor at the time of confirmation of this Plan.

## VII. INSURANCE
Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will [ ] will not [ X ] (check one) be obtained and kept in force throughout the period of the Plan.

| Creditor to Whom This Applies | Collateral Covered | Coverage Amount | Insurance Company, Policy No. and Agent Name, Address and Telephone No. |
|---|---|---|---|
| Electrical Federal Credit Union | Debtor's vehicles | Comprehensive | American Family Insurance |

[ ] Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

VIII. POST-CONFIRMATION MODIFICATION

The Debtors' confirmed Plan is being modified pursuant to an Order of the Court that based upon changed circumstances, the Debtor seek post-confirmation modification of his previously confirmed Plan.

Dated: August 24, 2007

Michael Wallace Disney

David M. Miller, #17915
Kutner Miller Brinen, P.C.
303 East 17th Avenue
Suite 500
Denver, CO 80203
Telephone: 303-832-2400
Facsimile: 303-832-1510

8

# CERTIFICATE OF SERVICE

I do hereby certify that on this 24th day of August, 2007, a true and correct copy of the foregoing **SECOND AMENDED CHAPTER 13 PLAN** was deposited in the United States mail, postage prepaid, addressed to the following:

| | |
|---|---|
| Mr. Michael Disney<br>4924 Valhalla Drive<br>Boulder, CO 80301 | David A. Bauer, Esq.<br>Kristin E. Lohman, Esq.<br>David A. Bauer, P.C.<br>2594 South Lewis Way, Suite A<br>Lakewood, CO 80227 |
| Sally Zeman, Esq.<br>Chapter 13 Trustee<br>P.O. Box 1169<br>Denver, CO 80201 | H. Christopher Clark, Esq.<br>1919 18th Street<br>Boulder, CO 80302 |
| Aaron J. Nash, Esq.<br>Julie G. Moss, Esq.<br>Husch & Eppenberger, LLC<br>200 Jefferson Avenue<br>Suite 1450<br>Memphis, TN 38103 | Neal K. Dunning, Esq.<br>Brown, Berardini & Dunning, P.C.<br>2000 South Colorado Blvd.<br>Tower 2, Suite 700<br>Denver, CO 80222 |
| Deanna L. Westfall, Esq.<br>Castle, Meinhold & Stawiarski, LLC<br>999 18th Street<br>Suite 2201<br>Denver, CO 80202 | Kenneth J. Buechler, Esq.<br>Sender and Wasserman, P.C.<br>1999 Broadway<br>Suite 2305<br>Denver, CO 80202 |
| | Kimberly Fields<br>PO Box 5631<br>Eagle, CO 81631 |

/s/Allison McKnight
Allison McKnight

Label Matrix for local noticing
1082-1
Case 06-16712-HRT
District of Colorado
Denver
Fri Aug 24 15:46:33 MDT 2007

US Bankruptcy Court
US Custom House
721 19th St.
Denver, CO 80202-2500


Bank of New York as Trustee
7105 Corporate Drive, PTX-B-209
Plano, TX 75024-4100


Carol Disney
1421 Begonia Way
Superior, CO 80027-6015


City of Boulder
Revenue Division
1777 Broadway
Boulder, CO 80302-6220


Colorado Electric Supply
P.O. Box 5267
Greenwood Village, CO 80155-5267


Countrywide Home Loans
P.O. Box 650070
Dallas, TX 75265-0070


Denver Winlectric, Inc.
c/o Donald Wilson
P.O. Box 1046
Boulder, CO 80306-1046


First National Bank of Colorado
P.O. Box 9032
Boulder, CO 80301-9032


G.E. Money Bank
P.O. Box 981438
El Paso, TX 79998-1438


DaimlerChrysler Finanical Services Americas,
Rusch and Eppenberger, LLC
200 Jefferson Avenue, Suite 1450
c/o Aaron J. Nash, Esq.
Memphis, TN 38103-8335


American Family Insurance
P.O. Box 13290
Denver, CO 80201-4690


Black Diamond Electric, Inc.
4924 Valhalla Drive
Boulder, CO 80301-4346


Chrysler Financial
P.O. Box 2993
Milwaukee, WI 53201-2993


Colorado Department of Labor & Employmen
P.O. Box 8789
Denver, CO 80201-8789


Cost Plus Electric Supply, Inc.
2775 South Shoshone Street
Englewood, CO 80110-1201


Countrywide Home Loans
c/o Castle Meinhold
999 ? 18th Street
Suite 2201
Denver, CO 80202


Denver Winlectric, Inc.
c/o John H. Barrett
728 Pearl Street
Boulder, CO 80302-5006


G.E. Money Bank
P.O. Box 960061
Orlando, FL 32896-0061


GE CONSUMER FINANCE
PO BOX 960061
ORLANDO, FL 32896-0061


Roundup Funding, LLC
MS 550
PO Box 91121
Seattle, WA 98111


B-Line, LLC/Juniper Bank
Mail Stop 550
2101 Fourth Ave., Suite 1030
Seattle, WA 98121-2317


Card Services
P.O. Box 8003
Arvada, CO 80001-8003


Chrysler Financial
P.O. Box 55000
Department 277001
Detroit, MI 48255-2770


Colorado Department of Revenue
1375 Sherman Street
Denver, CO 80261-0001


Countrywide Home Loans
7105 Corporate Drive
Plano, TX 75024-4100


David Brewster & Associates
4890 Riverbend Road
Boulder, CO 80301-2616


Electrical Federal Credit Union
5080 West 60th Avenue
Arvada, CO 80003-6994


G.E. Money Bank
P.O. Box 981127
El Paso, TX 79998-1127


Goodman & Wallace, P.C.
P.O. Box 1886
Edwards, CO 81632-1886

Henry Doss
c/o Kenneth J. Buechler
Sender & Wassserman, P.C.
1999 Broadway, Suite 2305
Denver, CO 80202-5723

(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

James, Kirsh, Inness-Brown & Ware
3775 Iris Avenue
Suite 5
Boulder, CO 80301-2043

Juniper Bank
P.O. Box 13337
Philadelphia, PA 19101-3337

Juniper Bank
Weinstein, Treiger & Riley, P.S.
2101 Fourth Avenue, Ste 900
Seattle, WA 98121-2339

Kimberly C. Fields
0171 Mayor Street
Eagle, CO 81631

Kimberly Doss f/k/a Kimberly Fields
c/o Kenneth J. Buechler
Attorney at Law
1999 Broadway, Ste. 2305
Denver, CO 80202-5723

Lathrop & Gage, DC
P.O. Box 8500
Philadelphia, PA 19178-8500

Left Hand Water District
6800 Nimbus Road
Longmont, CO 80503-8707

Left Hand Water District
P.O. Box 210
Niwot, CO 80544-0210

Mazza Designs, Inc.
9737 West Nova Avenue
Littleton, CO 80127-3932

Megan Black
c/o John H. Barrett, Esq.
728 Pearl Street
Boulder, CO 80302-5006

Megan E. Black
772 Cottage Lane
Boulder, CO 80304-0758

Megan E. Black
c/o Donald Wilson
P.O. Box 1046
Boulder, CO 80306-1046

Nationwide Recovery Systems
2304 Tarpley Drive
Suite 134
Carrollton, TX 75006-2470

Nationwide Recovery Systems
P.O. Box 702257
Dallas, TX 75370-2257

Nextel Communications, Inc.
c/o Lathrop & Gage, DC
1300 Eye Street, NW
Washington, D.C 20005-3314

Office of the Attorney General
State of Colorado
1525 Sherman Street
7th Floor
Denver, CO 80203-1700

Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Suite 4400
Washington, D.C. 20530-0001

Office of the U.S. Attorney
District of Colorado
1225 Seventeenth Street
Suite 700
Denver, CO 80202-5598

Public Service Co. of Colorado
P.O. Box 840
Denver, CO 80201-0840

Qwest Communications
Denver, CO 80202

Rainbow Farms/Westgait Stables
c/o Diane Dana
7650 Indiana
Arvada, CO 80007-7853

Sprint-Nextel Corporation
Attn:  Bankruptcy
PO Box 172408
Denver, CO 80217-2408

State of Colorado
Division of Securities
1580 Lincoln Street
Suite 420
Denver, CO 80203-1506

Trugreen-Chemlawn
2235 Mercury Way
Suite 275
Santa Rosa, CA 95407-5463

Trugreen-Chemlawn
ATTN: Accounts Receivable
8995 West 44th Avenue
Wheat Ridge, CO 80033-3001

Trugreen-Chemlawn
c/o Transworld Systems, Inc.
Collection Agency
6041 South Syracuse Way #210
Greenwood Village, CO 80111-4716

US Trustee
999 18th St.
Ste. 1551
Denver, CO 80202-2415

Visa/Electrical Federal Credit Union
P.O. Box 4519
Carol Stream, IL 60197-4519

Wells Fargo Bank, N.A
c/o Wells Fargo Operation Center
Loan Servicing Payment Processing
7412 Jefferson Blvd NE
Albuquerque, NM 87109-4336

Wells Fargo Bank, N.A.
Consumer Credit Group
Collections Servicing
MAC #N8235-048/P.O. Box 10438
Des Moines, IA   50306-0438

Wells Fargo Bank, N.A.
P.O. Box 54780
Los Angeles, CA 90054-0780

Wells Fargo Bank, N.A.
c/o David A. Bauer, P.c.
2594 S. Lewis Way, Suite A
Lakewood, CO 80227-2839

Wilcox Equine Management
8975 West 80th Drive
Arvada, CO 80005-2450

Xcel Energy
P.O. Box 9477
Minneapolis, MN 55484-9477

David M. Miller
303 E. 17th Ave.
Ste. 500
Denver, CO 80203-1258

Jenny M.F. Fujii
303 E. 17th Ave.
Ste. 500
Denver, CO 80203-1258

Kimberly K. Fields
0171 Major Street
Eagle, CO 81631

Lee M. Kutner
303 E. 17th Ave.
Ste. 500
Denver, CO 80203-1258

Michael W. Disney
4924 Valhalla Drive
Boulder, CO 80301-4346

Sally Zeman
Chapter 13 Trustee
PO Box 1169
Denver, CO 80201-1169

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
600 Seventeenth Street
Denver, CO 80202

(d)Internal Revenue Service
Ogden, UT 84201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Bank of New York as Trustee

(u)Wells Fargo Bank, N.A.

(d)ROUNDUP FUNDING, L.L.C.
MS 550
PO Box 91121
SEATTLE, WA 98111

(u)Henry Doss

End of Label Matrix
Mailable recipients     71
Bypassed recipients      4
Total                   75